TRUE COPY
BATEMAN & BATEMAN, PC

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS | CASE FILE NUMBER<br>12-1688-IV |
|---|---|---|
| PLAINTIFF<br><br>DAVID TODD YORK | DEFENDANT<br><br>CLEANING SERVICES GROUP, INC. | |

TO: (NAME AND ADDRESS OF DEFENDANT)

CLEANING SERVICES GROUP, INC.
230 North Street
Danvers, MA 01923

Method of Service:

- ☒ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other
  *Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Robert T. Bateman, Esq.<br>Bateman & Bateman, P.C.<br>212 Madison Street, Second Floor<br>P.O. Box 1008<br>Clarksville, TN 37041-1008<br><br>Phone: (931) 645-8848 | FILED, ISSUED & ATTESTED    NOV 2 9 2012<br><br>CRISTI SCOTT, Clerk and Master<br>By:    1 Public Square<br>       Suite 308<br>       Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

## NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br><br>Sheriff |
|---|---|

***Submit one original plus one copy for each defendant to be served.

♿ADA Coordinator, Cristi Scott (862-5710)

IN THE CHANCERY COURT FOR TENNESSEE
DAVIDSON COUNTY, AT NASHVILLE

DAVID TODD YORK,
Plaintiff

v.

CLEANING SERVICES GROUP, INC.,
Defendant

Docket No: 12-1688-IV

JURY DEMAND
12 PERSONS

FILED 2012 NOV 29 AM 10:39
CLERK AND MASTER DAVIDSON CO. CHANCERY CT
DC&M

## COMPLAINT

The Plaintiff, DAVID TODD YORK, sues the Defendant, CLEANING SERVICES GROUP, INC., and would show to the Court:

### PARTIES

1. The Plaintiff, DAVID TODD YORK, is a citizen and resident of Nashville, Davidson County, Tennessee.

2. The Defendant, CLEANING SERVICES GROUP, INC., is a Massachusetts Corporation with a principal office address of 230 NORTH STREET, DANVERS, MA 01923. Its president is ROCHELLE O'BRIEN.

3. The Defendant, CLEANING SERVICES GROUP, INC. conducts business in the State of Tennessee.

### JURISDICTION AND VENUE

4. Jurisdiction of Plaintiff's federal law claim is based upon the *Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.* Jurisdiction is proper in this Court under the

Page 1 of 9

holding of *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820 (1990) and *Hapgood v. City of Warren*, 127 F.3d 490 (6th Cir. 1997).

5. This Court is granted jurisdiction under *42 U.S.C. § 12117(a)* which incorporates by reference sections *706(f)(1) and (3)* of *Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)*; and *28 U.S.C. § 1331*. This is an action for: (1) injunctive relief under *42 U.S.C. § 2000e-5(g)*; (2) damages under *42 U.S.C. § 1981(a)*; and, (3) declaratory relief under *28 U.S.C. § 2201* based on the discriminatory practices of the Defendant in its termination of Plaintiff.

6. The Plaintiff's state law claims are before this Court pursuant to the Court's general jurisdiction and *Tenn. Code Ann. § 4-21-311*.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. At all times relevant to this Complaint, the Defendant operated a cleaning services company that provided cleaning services for commercial buildings in several states, including the State of Tennessee.

8. The Plaintiff was employed by the Defendant on September 27, 2004 as a District Manager. The Plaintiff held that position until he was terminated by the Defendant on December 12, 2011.

9. The Plaintiff signed a document entitled Employee Non-Compete Agreement on September 27, 2004, a copy of which is attached as Exhibit A.

10. On November 10, 2011, the Plaintiff went on an approved medical leave to seek treatment for dependency on alcohol for a two-week period and returned to work on November 27, 2011 with no restrictions.

11. The Defendant was aware of the fact that Plaintiff sought treatment for dependency on alcohol. With and because of this knowledge, the Defendant terminated the Plaintiff on December 12, 2011.

12. At no time did Plaintiff's dependency on alcohol prevent him from performing the essential functions of his job.

## COUNT I

*Tennessee Disability Act and Tennessee Human Rights Act violations*

Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated.

13. The Plaintiff's dependency and subsequent treatment for dependency on alcohol is a physical disability. However, the disability did not impair or keep Plaintiff from performing the duties required by his employment. The Defendant discharged the Plaintiff because of his disability or because of the Defendant's perception that Plaintiff had a disability even though he was able to perform the duties required of him.

14. By discharging the Plaintiff, the Defendant violated the provisions of the *Tennessee Disability Act* and *Tennessee Human Rights Act*. Tenn. Code Ann. § 8-50-103 provides in pertinent part that "[t]here shall be no discrimination in the hiring, firing and other terms and conditions of employment . . . based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved."

15. Proximately and directly as a result of Defendant's violation of the *Tennessee Disability Act* and *Tennessee Human Rights Act*, the Plaintiff has suffered damages consisting of loss of salary and other compensation; loss of employee fringe benefits; loss of opportunities for future promotions; losses due to embarrassment, humiliation, anxiety, mental pain, anguish and suffering; inconvenience; and loss of enjoyment of life.

16. The acts of the Defendant against the Plaintiff were done with malice toward the Plaintiff or with reckless indifference to the protected rights of the Plaintiff justifying an award of punitive damages.

17. The Plaintiff has suffered and is continuing to suffer an immediate irreparable injury by being discharged, for which there is no adequate remedy at law, so that he is entitled to an injunctive order of reinstatement, or in the alternative, front pay and related compensation.

WHEREFORE, the Plaintiff demands damages as set out hereinafter.

## COUNT II

*Americans with Disabilities Act violations*

Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated.

18. At all times material to this action, Defendant was engaged in an industry affecting commerce and had twenty-five or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding year.

19. At all times material to this action, Defendant employed more than five hundred employees in each of the twenty or more calendar weeks in the current or preceding calendar year.

20. By discharging Plaintiff, Defendant violated the provisions of *42 U.S.C. § 12112 (a)*, which make it unlawful for an employer to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

21. On February 16, 2012, the Plaintiff timely filed a charge alleging unlawful discrimination on the basis of a disability against the Defendant with the Equal Employment Opportunity Commission and the Tennessee Human Rights Commission. The Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission which was issued on November 21, 2012, a copy of which is attached as Exhibit B. This Complaint is filed within 90 days of issuance of the Right to Sue Notice. Therefore, Plaintiff has exhausted all of his administrative remedies and Plaintiff's Complaint is timely before the Court.

22. Proximately and directly as a result of Defendant's discrimination against Plaintiff on account of his disability, Plaintiff has suffered damages consisting of loss of salary and other compensation and injuries from embarrassment and humiliation.

23. Defendant's conduct complained of herein was willful, malicious, oppressive, wanton and heedlessly in disregard of Plaintiff's rights and, accordingly, Plaintiff is entitled to recover punitive damages of the Defendant.

24. Plaintiff has suffered and is suffering continuing and immediate irreparable injury, for which he has no adequate remedy at law, by being so deprived of his position of employment with Defendant so that he is entitled to an injunctive order of reinstatement, or in the alternative, front pay and related compensation.

## COUNT III

*Declaratory Judgment Regarding
Unenforceability of Non-Compete Agreement and Damages*

Plaintiff incorporates by reference all allegations contained in the preceding paragraphs as if fully restated.

25. The Plaintiff signed a document entitled Employee Non-Compete Agreement ("the Agreement") referred to in paragraph 9 and attached as Exhibit A to this Complaint.

26. The Agreement includes the following provisions:

1. Covenants Against Competition.

Employee acknowledges that the services to be rendered to Employer have a significant and material value to Employer, the loss of which cannot adequately be compensated by damages alone. In view of the significant and material value to Employer of the services of Employee for which Employer has employed Employee; and the confidential information obtained by or disclosed to Employee as an employee of Employer; and as a material inducement to Employer to employ Employee and to pay to Employee compensation for such services to be rendered for Employer by Employee (it being understood and agreed by the parties hereto that such non-competition shall also be paid for and received in consideration hereof), Employee covenants and agrees as follows:

A. During Employee's employment by Employer and for a period of twenty-four (24) months after Employee ceases to be employed by Employer, Employee shall not within the United States directly or indirectly, either for Employee's own account or as a partner, shareholder (other than shares regularly traded in a recognized market), officer, employee, agent or otherwise, be employed by, connected with, participate in, consult or otherwise associate with any other business, enterprise or venture that is the same as, similar to or competitive with Employer. By way of example, and not as a limitation, the foregoing shall preclude Employee from soliciting business or sales from, or attempting to convert to other sellers or providers of the same or similar products or services as provided by Employer, any customer, client or account of Employer with which Employee has had any contact during the term of employment.

B. During employment and for a period of twenty-four (24) months thereafter, Employee shall not, directly or indirectly, solicit for employment or employ any employee of Employer.

C. During employment, and thereafter for five (5) years, Employee shall not disclose to anyone any Confidential Information. For the purposes of this Agreement, "Confidential Information" shall include any of Employer's confidential, proprietary or trade secret information that is disclosed to Employee or Employee otherwise learns in the course of employment such as, but not limited to, business plans, customer lists, financial statements, software diagrams, flow charts and product plans. Confidential Information shall not include any information which; (i) is or becomes publicly available through no act of Employee, (ii) is rightfully received by Employee from a third party without restrictions; or (iii) is independently developed by Employee.

27. The Plaintiff has been advised that if he obtains employment in violation of the provisions of the Agreement, the Defendant will seek to compel enforcement of the Agreement.

28. The terms of the Agreement are unreasonable as to the length of time and geographic location and are, therefore, unenforceable.

29. The Defendant's termination of the Plaintiff was arbitrary, capricious and/or in bad faith and, therefore, the terms of the Agreement are unenforceable

30. Proximately and directly as a result of Defendant's threat to enforce the Agreement, Plaintiff has suffered damages consisting of loss of salary and other compensation; loss of employee fringe benefits; and loss of opportunities for future promotions from other potential employers.

WHEREFORE, the Plaintiff demands damages as set out hereinafter.

WHEREFORE, the Plaintiff demands that:

1. Process issue and the same be served on the Defendant;

2. An injunction be issued against the Defendant ordering it to reinstate the Plaintiff as an employee, or alternatively, that the Plaintiff be awarded front pay and other relevant compensation;

3. Plaintiff be awarded all monetary damages he is entitled to under Count I of the Complaint, including compensatory damages for injuries including injuries of embarrassment

and humiliation in an amount not to exceed $300,000.00, plus an appropriate award for Plaintiff's back pay and other lost compensation;

4. Plaintiff be awarded all monetary damages he is entitled to under Count II of the Complaint, including compensatory damages for injuries including injuries of embarrassment and humiliation, in an amount not to exceed $300,000.00; punitive damages in an amount not to exceed $300,000; plus an appropriate award for Plaintiff's back pay and other lost compensation;

5. A declaratory judgment be entered declaring that the Agreement attached as Exhibit A to this Complaint is unenforceable;

6. Plaintiff be awarded all monetary damages he is entitled to under Count III of the Complaint in an amount not to exceed $250,000.00;

7. Plaintiff be awarded his reasonable attorney's fees and prejudgment interest, and that the costs of this action be taxed against the Defendant;

8. Plaintiff be granted such other and further relief as the Court may deem just and proper; and

9. All issues under Counts I and II that are triable by a jury be tried by a jury of twelve persons.

Case 3:13-cv-00011   Document 1-1   Filed 01/07/13   Page 9 of 17 PageID #: 12

Respectfully submitted,

_____
Robert T. Bateman, TNBPR #014240
Bateman & Bateman, P.C.
P.O. Box 1008
Clarksville, TN 37041-1008
Voice: (931) 647-5959
Fax: (931) 645-8848
Email: RTBateman@batemanlaw.com
Attorney for Plaintiff

COST BOND

I, both individually and on behalf of the firm, Bateman & Bateman, P.C., am surety for all court costs in this cause that are regularly assessed by the Clerk of the Court.

_____
Robert T. Bateman

# EMPLOYEE NON-COMPETE AGREEMENT

THIS EMPLOYEE NON-COMPETE AGREEMENT ("Agreement") is made as of 9/27/04, by and between Cleaning Services Group, Inc., A Massachusetts Corporation ("Employer") and David York ("Employee").

Employee desires to give, and Employer desires to receive from Employee, a covenant not to engage, either directly or indirectly, in competition with, or to solicit any customer, client, or account of, Employer.

Employer and Employee desire to set forth in writing the terms and conditions of their agreements and understandings.

NOW, THEREFORE, in consideration of the foregoing, of the mutual promises herein contained, and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending legally to be bound, hereby agree as follows:

1. **Covenants Against Competition**.
Employee acknowledges that the services to be rendered to Employer have a significant and material value to Employer, the loss of which cannot adequately be compensated by damages alone. In view of the significant and material value to Employer of the services of Employee for which Employer has employed Employee; and the confidential information obtained by or disclosed to Employee as an employee of Employer; and as a material inducement to Employer to employ Employee and to pay to Employee compensation for such services to be rendered for Employer by Employee (it being understood and agreed by the parties hereto that such non-competition shall also be paid for and received in consideration hereof), Employee covenants and agrees as follows:

A. During Employee's employment by Employer and for a period of twenty-four (24) months after Employee ceases to be employed by Employer, Employee shall not within the United States directly or indirectly, either for Employee's own account or as a partner, shareholder (other than shares regularly traded in a recognized market), officer, employee, agent or otherwise, be employed by, connected with, participate in, consult or otherwise associate with any other business, enterprise or venture that is the same as, similar to or competitive with Employer. By way of example, and not as a limitation, the foregoing shall preclude Employee from soliciting business or sales from, or attempting to convert to other sellers or providers of the same or similar products or services as provided by Employer, any customer, client or account of Employer with which Employee has had any contact during the term of employment.

B. During employment and for a period of twenty-four (24) months thereafter, Employee shall not, directly or indirectly, solicit for employment or employ any employee of Employer.

Exhibit A

C. During employment, and thereafter for five (5) years, Employee shall not disclose to anyone any Confidential Information. For the purposes of this Agreement, "Confidential Information" shall include any of Employer's confidential, proprietary or trade secret information that is disclosed to Employee or Employee otherwise learns in the course of employment such as, but not limited to, business plans, customer lists, financial statements, software diagrams, flow charts and product plans. Confidential Information shall not include any information which; (i) is or becomes publicly available through no act of Employee, (ii) is rightfully received by Employee from a third party without restrictions; or (iii) is independently developed by Employee.

2. **At Will**.
Employee acknowledges that Employee's employment is "at will", subject to applicable law, and that either Employer or Employee may terminate employment at any time, with or without notice, for any reason or no reason whatsoever. Nothing in this Agreement shall constitute a promise of employment for any particular duration or rate of pay.

3. **Accounting for Profits**.
Employee covenants and agrees that, if Employee shall violate any covenants or agreements in Section 1 hereof, Employer shall be entitled to an accounting and repayment of all profits, compensation, commissions, remunerations or benefits which Employee directly or indirectly has realized and/or may realize as a result of, growing out of or in connection with any such violation; such remedy shall be in addition to and not in limitation of any injunctive relief or other rights or remedies to which Employer is or may be entitled at law or in equity or under this Agreement.

4. **Reasonableness of Restrictions**.
A. Employee has carefully read and considered the provisions of Section 1 hereof and, having done so, agrees that the restrictions set forth therein (including, but not limited to, the time period of restriction and the geographical areas of restriction) are fair and reasonable and are reasonably required for the protection of the interests of Employer, its officers, directors, shareholders and other employees.

B. In the event that, notwithstanding the foregoing, any part of the covenants set forth in Section 1 hereof shall be held to be invalid or unenforceable, the remaining parts thereof shall nevertheless continue to be valid and enforceable as though the invalid or unenforceable parts had not been included therein. In the event that any provision of Section 1 relating to time period and/or areas of restriction shall be declared by a court of competent jurisdiction to exceed the maximum time period or areas such court deems reasonable and enforceable, the agreed upon time period and/or areas of restriction shall be deemed to become and thereafter be the maximum time period and/or areas which such court deems reasonable and enforceable.

5. **Burden and Benefit**.
This Agreement shall be binding upon, and shall inure to the benefit of, Employer and Employee, and their respective heirs, personal and legal representatives, successors and

assigns.

### 6. Governing Law.
Construction and interpretation of this Agreement shall at all times and in all respects be governed by the laws of the State of Massachusetts.

### 7. Severability.
The provisions of this Agreement (including particularly, but not limited to, the provisions of Section 1 hereof) shall be deemed severable, and the invalidity or unenforceability of any one or more of the provisions hereof shall not affect the validity and enforceability of the other provisions hereof.

### 8. Employer.
As used herein, the term "Employer" shall include any corporation which is at any time a parent or subsidiary of Employer.

### 9. Notices.
Any notice required to be or otherwise given hereunder shall be sufficient if in writing, and sent by certified or registered mail, return receipt requested, first-class postage prepaid, as follows:

> If to Employer:
> Cleaning Services Group, Inc.
> 250 North Street, A-3
> Danvers, MA 01923
>
> If to Employee:
> David York

or to such other address designated by either party following notice to the other.

### 10. Entire Agreement.
This Agreement contains the entire agreement and understanding by and between Employer and Employee with respect to the covenant against competition herein referred to, and no representations, promises, agreements or understandings, written or oral, not herein contained shall be of any force or effect. No change or modification hereof shall be valid or binding unless the same is in writing and signed by the party intended to be bound.

### 11. No Waiver.
No waiver of any provision of this Agreement shall be valid unless the same is in writing and signed by the party against whom such waiver is sought to be enforced; moreover, no valid waiver of any provision of this Agreement at any time shall be deemed a waiver of any other provision of this Agreement at such time or will be deemed a valid waiver of

Case 3:13-cv-00011   Document 1-1   Filed 01/07/13   Page 13 of 17 PageID #: 16

such provision at any other time.

12. **Headings**.

The headings used herein are for the convenience of the parties only and shall not be used to define, enlarge or limit any term of this Agreement.

IN WITNESS WHEREOF, Employer and Employee have duly executed this Agreement under seal as of the day and year first above written.

Cleaning Services Group, Inc.
By: _Janeen Shipley_
09-27-04

Employee Signature
_David J. York_

Employee Print Name
DAVID T. YORK
9-27-04

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | David T. York<br>1905 Lombardy Ave.<br>Nashville, TN 37215 | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2012-00875 | Laura Stubblefield, Investigator | (615) 736-5808 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sarah L. Smith* JJB     NOV 21 2012

Sarah L. Smith,
Area Office Director     (Date Mailed)

Enclosures(s)

cc: John F. Tocci, Esq.
Attorney
TOCCI, GOSS & LEE, P.C.
35 India Street, 5th Floor
Boston, MA 02110

Robert T. Bateman, Esq.
BATEMAN & BATEMAN, P.C.
P.O. Box 1008
Clarksville, TN 37041

Exhibit B

Enclosure with EEOC
Form 161-B (11/09)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

IN THE ~~CIRCUIT~~ CHANCERY COURT OF DAVIDSON COUNTY, TENNESSEE
TWENTIETH JUDICIAL DISTRICT, STATE OF TENNESSEE

| | | |
|---|---|---|
| David Todd York | } | |
| Plaintiff(s) | } | |
| | } | 12-1688-IV |
| vs. | } | Docket No. _____ |
| | } | |
| Cleaning Service Group, Inc. | } | |
| Defendant(s) | } | |

FILED 2012 NOV 29 AM 10:39 CLERK AND MASTER DAVIDSON CO. CHANCERY CT.

## COST BOND

I/We, David Todd York

as Principal(s), and Robert T. Bateman, Esq.

as Surety, are held and firmly bound unto the ~~Circuit~~ Chancery Court Clerk of Davidson County, Tennessee, for the payment of all costs

The Principal(s) is/are commencing legal proceedings in the ~~Circuit~~ Chancery Court for the Twentieth Judicial District, at Nashville, Tennessee. If the Principal(s) shall pay all costs which are adjudged against them, then this obligation is void. If the Principal(s) fail(s) to pay, then the Surety shall undertake to pay all costs adjudged against the Principal(s). Mandated at T.C.A. §20-12-120, et seq.

### PRINCIPAL(S):

David Todd York
_____ PRINCIPAL
1905 Lombardy Avenue
Nashville, TN 37215
_____ Address

_____ Employer

_____ Employer's Address

/s/ Todd York
Principal (signature), or
by
Principal
Attorney (signature)

_____ PRINCIPAL

_____ Address

_____ Employer

_____ Employer's Address

Principal (signature), or
by
Principal
Attorney (signature)

### SURETY

Robert T. Bateman, Esq.    (Print or Type Surety)        Bateman & Bateman, P.C.
BPR # 014240                                              P.O. Box 1008
                                                          Clarksville, TN 37041-1008
SIGNATURE OF SURETY                                       ADDRESS

[Rev. 7-1-07]

Print Form